UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA SHARP ) | |
| ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | |
| v. ) | NO._____ |
| ) | |
| VILLA SCALABRINI NURSING & ) | |
| REHABILITATION CENTER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION UNDER THE AMERICAN'S WITH DISABILITIES ACT OF 1990, *AS AMENDED*

NOW COMES, Plaintiff Diana Sharp ("Plaintiff" or "Sharp"), by and through her attorney, Timothy A. Scott, of the Scott Law Group, LLC, and for her complaint against Defendant Villa Scalabrini Nursing & Rehabilitation Center ("Defendant" or "Villa Scalabrini") for Violations of the Americans with Disabilities Act of 1990, *as amended* (all allegations being made on information provided to counsel by Plaintiff), states as follows:

1. This is an action for employment discrimination under the Americans with Disabilities Act of 1990, *as amended*.

2. The Plaintiff, Diana Sharp, is a resident of Maywood, in Cook County, Illinois.

3. The Defendant, Villa Scalabrini Nursing and Rehabilitation Center, is located at 480 North Wolf Road, Northlake, Cook County, Illinois, 60164. Defendant's telephone number is (708) 562-0040.

4. The Plaintiff was employed by the Defendant at 480 Wolf Road, Northlake, Illinois 60614.

5. The Plaintiff was employed, but is no longer employed by the Defendant.

6. The Defendant discriminated against the Plaintiff beginning in or around, February of 2006 and culminating with her termination from employment with the Defendant on April 6, 2009.

7. The Defendant is not a federal governmental agency, and the Plaintiff has filed a charge against the Defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission, on or about February 6, 2010. A copy of the charge is attached hereto as Exhibit A.

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was mailed to Plaintiff's counsel on September 29, 2011 and received on or about October 3, 2011. A copy of the *Notice* is attached to this complaint as Exhibit B. Plaintiff requested a copy of the EEOC file in early December, 2011, but was advised just before the holidays that a copy of the file would not be complete before the new year.

9. After nearly 19 years of service with Villa Scalabrini, Defendant terminated the Plaintiff's employment on April 6, 2009, presumably on the basis of insubordination and for her history since April 2006 of insubordination or using an inappropriate tone of voice.

10. Plaintiff, however, claims that she was terminated in violation of the Americans with Disabilities Act as the tone of her voice was affected by, *inter alia*, serious thoracic surgery that she underwent in February of 2006, which left her vocal cords paralyzed and severely affected her speech, including the tone and volume of her voice.

11. Defendant was aware of the surgery in 2006 and was provided with documentation of her medical condition from the time of the surgery up to and after the time Defendant terminated Plaintiff, but failed to accommodate her disability and discriminated against her on the basis of her disability.

12. On information and belief, Defendant claims that it terminated Plaintiff based on at least six past instances of insubordination or inappropriate behavior, but Plaintiff claims that each of those instances were based on the "tone" of her voice, which was the result of the February, 2006, surgery and not from acts of insubordination.

13. Plaintiff claims that up to the time of surgery, she had received respectable performance evaluations and regular pay rate increases. It was not until after the manifestation of her disability that developed from throat surgery that her speech problems and resultant issues began.

14. Plaintiff claims that she was subjected to different terms and conditions of employment than non-disabled employees, including but not limited to discipline, and that she was ultimately discharged because if her disability, in violation of the Americans with Disabilities Act of 1990, *as amended*.

15. Plaintiff demands that the case be tried by a jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a) Direct the Defendant to re-employ the Plaintiff;

(b) Direct the Defendant to reasonably accommodate the Plaintiff's disabilities;

(c) If available, grant the Plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and

(d) Grant such other relief as the Court may find appropriate.

        Respectfully submitted,

        */s/ Timothy A. Scott*

        Attorney for Diana Sharp

Timothy A. Scott (ARDC#6243846)
Scott Law Group, LLC
7115 West North Avenue, #364
Oak Park, Illinois 60302
(312) 731-8097
Fax (708) 350-4340